**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| **JOSEPH GARLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 3:25-cv-02175** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AMERICANA OUTDOORS INC.,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Joseph Garland ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Americana Outdoors Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's sex-based discrimination, sexual based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 et seq.

3.      Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction have been satisfied.

5.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.      This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8.      Plaintiff, Joseph Garland, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Marion County, Illinois.

9.      Defendant, Americana Outdoors Inc., whose address is 2 Industrial Drive, Salem, IL 62881-5865, is a corporation that at all times material to the allegations in this Complaint was doing business in and for Marion County, Illinois.

10.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12.     Plaintiff worked for Defendant as a Production Worker from on or about August 20, 2021, until Plaintiff's unlawful termination on or about July 7, 2025.

13.     Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of his employment.

14.     Plaintiff is male and is a member of a protected class because of his sex.

2

15. Since at least March 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII.

16. During the course of his employment, Plaintiff was subjected to repeated incidents of sex-based discrimination and sexual harassment by supervisory employees and coworkers.

17. In or around March 2025, Cesil (last name unknown), an employee in charge of shipping and considered a supervisor/lead, entered the bathroom while Plaintiff was inside.

18. While Plaintiff was urinating, Cesil turned off the lights and rubbed Plaintiff's leg from behind.

19. Plaintiff immediately resisted Cesil's conduct by telling him to leave and physically attempting to shake him off until Cesil exited the bathroom.

20. Approximately two weeks later, Plaintiff engaged in protected activity and reported the incident to Plant Manager Keith Jones, thereby putting Defendant on notice of the sexual harassment.

21. Keith informed Plaintiff that no video footage could be reviewed because too much time had passed.

22. Plaintiff's foreman, Rodney, likewise failed to take corrective steps or express concern.

23. Defendant took no remedial action as to Plaintiff's complaint of harassment.

24. On or about April 2, 2025, while Plaintiff was on break with coworkers, Plant Manager Keith Jones grabbed Plaintiff's Mountain Dew bottle and shook it aggressively.

25. Foreman Rodney remarked, "You should not have said anything. Now [I] am going to complain all day."

26.     Keith compared Plaintiff to a chihuahua and himself to a big dog, and then stated, "What's he going to do? Gum me to death."

27.     This comment, referencing the fact that Plaintiff has no teeth remaining, was sexually charged, and an offensive reference to oral sex.

28.     Plaintiff again escalated the incident to management, which was eventually reported to Human Resources.

29.     HR representative Nitta Pitts admonished Plaintiff for not reporting the incident directly to her and expressed frustration with him, even though Plaintiff reasonably refrained from doing so because his prior complaints to HR had been ignored and no action had been taken.

30.     Upon information and belief, Keith received only a perfunctory write-up, and Defendant required Plaintiff to continue working alongside him, thereby failing to remedy the hostile conduct or provide any meaningful corrective action.

31.     In or around early June 2025, Plaintiff witnessed Cesil repeatedly attempting to touch Rodney's crotch during a conversation.

32.     Plaintiff objected immediately, but Rodney dismissed the behavior.

33.     Plaintiff was uncomfortable being within a workplace where he had to witness sexual gestures.

34.     Plaintiff reported Cesil's inappropriate sexual conduct to HR members Nitta and Keith.

35.     Nitta told Plaintiff she would address it with Cesil, but no remedial measures were taken.

4

36. On or about July 7, 2025, immediately following his shift, Plaintiff was called into the office and informed that he was being "laid off" due to slow business, along with three other individuals.

37. However, two of those individuals had already resigned and another remained employed, rendering Defendant's explanation pretextual.

38. Defendant also asserted that Plaintiff had improperly left early on July 3, 2025, even though Plaintiff had properly submitted vacation paperwork and the vacation time had been approved.

39. Plaintiff's termination was not the result of a legitimate layoff or any misconduct but was carried out in retaliation for Plaintiff's repeated opposition to sexual harassment and his complaints to management and Human Resources.

40. There is a basis for employer liability for the sex-based discrimination and harassment to which Plaintiff was subjected because Plaintiff reported the discrimination and harassment to his superiors, including Plant Manager Keith Jones, and HR, thereby putting Defendant on notice of the sex-based discrimination and sexual harassment.

41. Plaintiff suffered disperate treatment due to his class (sex) and those outside Plaintiff's protected class were properly treated.

42. Plaintiff can show that he engaged in statutorily protected activity—a necessary component of his retaliation claim—because Plaintiff opposed and reported sex-based discrimination and sexual harassment.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

43. Plaintiff repeats and re-alleges paragraphs 1–42 as if fully stated herein.

44. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

45. Plaintiff met or exceeded performance expectations.

46. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

47. Defendant retaliated against Plaintiff, terminating his employment, on the basis of Plaintiff's sex.

48. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex, male.

49. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

50. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of The Civil Rights Act of 1964
### (Sex-Based Harassment)

51. Plaintiff repeats and re-alleges paragraphs 1–42 as if fully stated herein.

52. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

53. Defendant knew or should have known of the harassment.

54. The sex-based harassment was severe or pervasive.

55. The sex-based harassment was offensive subjectively and objectively.

56.    The sex-based harassment was unwelcomed.

57.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, male.

58.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59.    As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

60.    Plaintiff repeats and re-alleges paragraphs 1–42 as if fully stated herein.

61.    Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

62.    During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination and sexual harassment.

63.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

64.    In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and sexual harassment.

65.    Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

66.    Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

7

67.    By virtue of the foregoing, Defendant retaliated against Plaintiff in response to Plaintiff reporting the sex-based discrimination and sexual harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

68.    Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

69.    As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

<u>**RELIEF REQUESTED**</u>

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a.    Back pay;

b.    Payment of interest on all back pay recoverable;

c.    Front pay;

d.    Loss of benefits;

e.    Compensatory and punitive damages;

f.    Reasonable attorneys' fees and costs;

g.    Award pre-judgment interest if applicable; and

h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 12th day of December 2025.

/s/ *Nathan C. Volheim*

8

**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

**/s/ *Sophia Steere***
**SOPHIA STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575 - 8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*